UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BIZ2CREDIT INC., a Delaware corporation, and<br><br>ITRIA VENTURES LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 1:24-cv-02001 (JLR)<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), and 57b, and the COVID-19 Consumer Protection Act, Pub. L. No. 116-260, 134 Stat. 1182, Title XIV, Section 1401 ("CCPA"). The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the CCPA, Pub. L. No. 116-260, 134 Stat. 1182, Title XIV, Section 1401 in connection with the advertising, marketing, and offering of small business financing as part of the Small Business Administration's ("SBA") Paycheck Protection Program.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

**A.** "**Defendants**" means Biz2Credit Inc. and Itria Ventures LLC, and their successors and assigns, individually, collectively, or in any combination.

**B.** "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

    8.    When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

**C.** **"Competent and Reliable Evidence"** means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that (1) have been conducted and evaluated in an objective manner by qualified persons and (2) are generally accepted in the profession to yield accurate and reliable results.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, distributing, servicing, or offering any extension of credit are permanently restrained and enjoined from representing, or assisting others in representing, expressly or by implication:

A. The amount of time Defendants have taken, will take, or will likely take to process an application or applications, including but not limited to the amount of time:

    1. to approve, deny, cancel, or withdraw the application(s); or

    2. to disburse any funds for which the consumer(s) applied;

B. A consumer's odds or likelihood of being approved;

C. The current status of a consumer's application, including but not limited to whether the consumer must provide additional documents or take other steps to

      complete the application;

    D. If a consumer's application is incomplete, the additional documents or other information that the consumer must submit to complete the application;

    E. Any material fact about a government benefit; or

    F. Any other fact material to consumers, such as: the total costs, any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

unless the representation is non-misleading, including that, at the time such representation is made, Defendants possess and rely upon Competent and Reliable Evidence that substantiates that the representation is true.

## II. INJUNCTION CONCERNING APPLICATION PRACTICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, distributing, servicing, or offering any extension of credit, are permanently restrained and enjoined from:

    A.    Failing to allow a consumer to promptly take any of the following actions:

        1. withdraw or cancel a pending application;

        2. obtain the current status of a pending application; or

        3. submit any missing documents or other information the consumer must provide to complete a pending application.

    B.    Failing to allow a consumer to take any of the actions listed in Subpart A through the same medium (such as Internet, telephone, mail, or in-person) the consumer used to submit an application. Further, at a minimum:

        1. For applications submitted over the Internet, Defendants must allow consumers to take these actions over the same website or web-based application the consumer used to submit an application.

        2. For applications submitted over the telephone, Defendants must provide a telephone number at which a consumer can withdraw or cancel a pending application or obtain the current status of a pending application, and assure that all calls to this number are answered promptly during normal business hours.

    C.    Failing to promptly, and Clearly and Conspicuously, notify a consumer of any missing documents or other information the consumer must provide to complete a pending application.

### III. JUDGMENT FOR MONETARY RELIEF

IT IS FURTHER ORDERED that:

    A.    Judgment in the amount of Thirty Three Million Dollars ($33,000,000) is entered in favor of the Commission against Defendants, jointly and severally, as monetary relief.

    B.    Defendants are ordered to pay to the Commission Thirty Three Million Dollars ($33,000,000). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

### IV. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

    A.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

    B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

    C.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

    D.    Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

    E.    All money received by the Commission as monetary relief pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 10 years after entry of this Order, each Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

8

## VII.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.


C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Biz2Credit Inc., FTC Matter No. 2123115.

## VIII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendants must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests concerning the subject matter of this Order, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E. a copy of each unique advertisement or other marketing material making a representation subject to this Order; and

F. copies of all subpoenas and other communications with law enforcement, if such communication relate to Defendants' compliance with this Order.

## IX.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery,

11

without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** 20th **day of** March **, 202**4**.**

All scheduled conferences are canceled.
The Clerk of Court shall enter judgment
in favor of Plaintiff and close the case.

*Jennifer Rochon*
UNITED STATES DISTRICT JUDGE
Hon. Jennifer L. Rochon

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

_/s/ Evan Zullow_                                Date: 3/18/24
EVAN ZULLOW
WENDY MILLER
JAMES DOTY
Attorneys
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Mail Stop CC-10256
202-326-2914 (Zullow)
202-326-3571(Miller)
202-326-2628 (Doty)
ezullow@ftc.gov
wmiller@ftc.gov
jdoty@ftc.gov

**FOR DEFENDANTS:**

_____          Date: 12/14/2023
KARL BUCH
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
212-335-4943
Karl.Buch@us.dlapiper.com


AUSTIN BROWN
GRAY STRATTON
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
202-799-4221
Austin.Brown@us.dlapiper.com
Gray.Stratton@us.dlapiper.com


EDITH RAMIREZ
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
202-637-5509
Edith.Ramirez@hoganlovells.com

*Counsel for Defendants*


**DEFENDANTS:**

_____          Date: December 14, 2023
Jonathan S. Gitlin, General Counsel, Biz2Credit Inc.
and Itria Ventures LLC